

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-08417-JLS-AGR                                      Date: January 06, 2025
Title:  Roxanne Rozas et al v. Mercedes-Benz USA, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFFS'
                                      MOTION TO REMAND (Doc. 11)**

Before the Court is a Motion to Remand filed by Plaintiffs Roxanne Rozas and Mercy Rozas.  (Mot., Doc. 11; Mem., Doc. 11-1.)  Defendant Mercedes-Benz USA, LLC opposed, and Plaintiffs responded.  (Opp., Doc. 17; Reply, Doc. 18.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for January 10, 2025, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS Plaintiffs' Motion.

I.     **BACKGROUND**

On May 7, 2024, Plaintiffs filed a Complaint against Defendant in Los Angeles County Superior Court, asserting two claims under California's Song-Beverly Consumer Warranty Act.  (Compl., Doc. 1-2.)  The Complaint does not allege Plaintiffs' citizenship, though Defendant contends that Plaintiffs are citizens of California.  (Narain Decl. ¶ 6, Doc. 17-1.)  Defendant represents that it is a citizen of Delaware and Michigan.  (Narain Decl. ¶ 4, Doc. 1-1.)

Plaintiffs' claims arise out of their December 2022 purchase of a new 2023 Mercedes-Benz C300W.  (Compl. ¶¶ 5–7.)  The Complaint is silent as to the purchase

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08417-JLS-AGR                              Date: January 06, 2025
Title:  Roxanne Rozas et al v. Mercedes-Benz USA, LLC et al

price of the subject vehicle.  (*Id.* ¶ 13.)  However, the Complaint alleges that the "amount in controversy exceeds … $35,000" and specifies that Plaintiffs seek replacement of the subject vehicle or restitution in the amount paid for it, incidental and consequential damages, a civil penalty in an amount up to two times Plaintiffs' actual damages, and attorneys' fees and costs.  (*See id.* at 11.)

On September 27, 2024, Defendant received Plaintiffs' responses to its Requests for Admissions ("RFA"), in which Plaintiffs admitted that they were citizens of California at all times relevant to this action.  (Notice of Removal ("NOR") ¶ 2; RFA Responses, Doc. 1-4.)  That same day, Defendant also received a copy of the Retail Installment Sale Contract—the purchase agreement concerning the subject vehicle.  (NOR ¶ 2.)  The contract indicates that the "total sale price" of the vehicle was $64,196.24 and that Plaintiffs agreed to make a down payment of $15,260.00, with monthly loan payments of $679.67 beginning on January 18, 2023.  (*See* Retail Installment Sale Contract, Doc. 1-6.)

On September 30, 2024, Defendant removed this action to federal court, invoking this Court's diversity jurisdiction.  (NOR ¶ 9.)  The Notice of Removal asserts that (1) removal is proper because complete diversity exists and the amount in controversy exceeds $75,000, and (2) removal is timely because Defendant sought removal within 30 days of its receipt of the subject vehicle's purchase agreement.  (*Id.* at 4–7.)  As to the amount in controversy, Defendant alleges that Plaintiffs suffered actual damages in the amount of $30,899.31, as "Plaintiffs have paid a total of $30,899.31 ($15,260.00 down payment + $15,639.31 monthly [loan] payments)" for the subject vehicle.  (Opp. at 11; *see also* Retail Installment Sale Contract.)  After taking into account Plaintiffs' request for a civil penalty of up to two times actual damages, Defendant estimates that the amount in controversy totals at least $92,697.93.  (Opp. at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08417-JLS-AGR                                                                           Date: January 06, 2025
Title:  Roxanne Rozas et al v. Mercedes-Benz USA, LLC et al

## II.    LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted).  Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a).  Where, as here, it is unclear from the complaint whether the amount in controversy exceeds the jurisdictional threshold, "the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 1446(c)(2)(B).  Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003).  Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  The defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer*, 116 F.3d at 377) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08417-JLS-AGR                                     Date: January 06, 2025
Title:  Roxanne Rozas et al v. Mercedes-Benz USA, LLC et al

## III.   ANALYSIS

Plaintiffs do not contest that removal was timely.  Rather, Plaintiffs argue only that (1) removal was improper because Defendant has not met its burden to show that the amount in controversy exceeds $75,000, and (2) comity principles weigh heavily in favor of remanding this action to state court.  (Mem. at 7–13.)  The Court concludes that Defendant has not established that the amount in controversy exceeds $75,000 by a preponderance of the evidence, and so the Court does not reach Plaintiffs' second argument.

Under the Song-Beverly Act, actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1); *see also* Cal. Civ. Code § 1793.2(d)(2).  "The Act provides a specific formula to calculate this reduction based on the vehicle's mileage prior to the buyer first delivering it for repair." *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1065 (2020).  The Ninth Circuit has explained that "consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy because "an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable." *Schneider v. Ford Motor Co.*, 756 F. Appx. 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation omitted.)

Here, Defendant contends that Plaintiffs suffered actual damages in the amount of $30,899.31, based on the $15,260.00 down payment contemplated by the Retail Installment Sale Contract and the $15,639.31 in monthly loan payments that Plaintiffs paid for the subject vehicle. (Opp. at 11; Retail Installment Sale Contract, Doc. 1-6.)  However, Defendant has not applied any reduction for the use offset, as mandated by the Song-Beverly Act.  Nor has Defendant provided any facts or evidence regarding the mileage attributable to Plaintiff from which the Court might estimate the use offset in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08417-JLS-AGR                                                       Date: January 06, 2025
Title:  Roxanne Rozas et al v. Mercedes-Benz USA, LLC et al

case.  Absent such information, Defendant's actual damages calculations are speculative and unsupported. [1]  *See Bae v. Ford Mot. Co.*, 2021 WL 5299242, at *2 (C.D. Cal. Nov. 12, 2021) (Staton, J.) (finding the amount in controversy was not satisfied given defendant's failure to consider the use-offset amount in calculating actual damages); *see also Berger v. Mercedes-Benz USA, LLC*, 2021 WL 3013915, at *2 (C.D. Cal. July 15, 2021) (similar).

Defendant's estimate of civil penalties in this case is similarly speculative and unsupported, given that civil penalties under the Song-Beverly Act are based on actual damages.  Cal. Civ. Code § 1794(c) (providing that "a civil penalty … shall not exceed two times the amount of actual damages").  Because the amount of actual damages is speculative, any attempt to determine the civil penalty is equally uncertain.  *See Young v. FCA US LLC*, 2021 WL 5578723, at *2 (C.D. Cal. Nov. 30, 2021) (Staton, J.) (finding defendant's estimate of civil penalties speculative in light of defendant's failure to establish the amount of actual damages by a preponderance of the evidence); *Berger*, 2021 WL 3013915, at *3 ("[I]f the amount of actual damages is speculative, any attempt to determine the civil penalty is equally speculative").

Lastly, Defendant's argument that it can demonstrate that the amount in controversy exceeds $75,000 based on potential attorneys' fees also fails.  Defendant avers that attorneys' fees in this case are likely to be "in the range of $26,148.33 to $68,441.08," based on attorneys' fees awards that were granted in three previous "lemon law" cases involving Plaintiffs' counsel.  (Opp. at 14.)  But it appears that each of those

---

[1] The Court notes that in its Notice of Removal, Defendant calculated Plaintiffs' actual damages based on the "total sale price" of the subject vehicle ($64,196.24) indicated in the Retail Installment Sale Contract.  (NOR, ¶¶ 15–16.)  Defendant appears to have abandoned this argument in its opposition to the present motion, and rightly so.  As the Court has explained, damages under the Song-Beverly Act are calculated based on the amount actually paid by the buyer.  *See* Cal. Civ. Code § 1793.2(d)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08417-JLS-AGR                                  Date: January 06, 2025
Title:  Roxanne Rozas et al v. Mercedes-Benz USA, LLC et al

three cases was litigated for at least a year—in one case, for nearly three years—before the parties settled, whereas this action was recently removed.  Defendant has not adequately shown that the present action is similar to those cases, and Defendant has failed to explain why an attorneys' fees award within the estimated range is appropriate here.  *See Bae*, 2021 WL 5299242, at *3.  Thus, Defendant's estimate of attorneys' fees is unsupported.

For the above reasons, the Court concludes that Defendant has failed to meet its burden to demonstrate that the amount in controversy exceeds $75,000.  Accordingly, the Court lacks subject matter jurisdiction over this action.

**IV.     CONCLUSION**

Plaintiffs' motion for remand is GRANTED.  This action is REMANDED to Los Angeles County Superior Court, Case No. 24STCV11458.

Initials of Deputy Clerk: kd